IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MITINA GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-234-RAH-JTA |
| | ) | |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Mitina Glenn filed this action, proceeding *pro se* and *in forma pauperis*, against Defendants Hyundai Motor Manufacturing Alabama, Dianetta Johnson, Dominique Johnson, Jermaine Tumasu, Aaliyah Kyles, and Onin Staffing, LLC on April 1, 2026. (Doc. No. 1.)[1] Plaintiff alleges she was assaulted by Defendant Kyles on October 28, 2025, while they were both working at Defendant Hyundai Motor Manufacturing. (*Id.* at 2.) From this incident, Plaintiff brings 21 state law claims against Defendants. (*Id*. at 3–5.)

The court reviewed Plaintiff's complaint and found it failed to contain a short and plain statement of the grounds for the court's jurisdiction as required under Federal Rule of Civil Procedure 8(a)(1). Thus, on May 4, 2026, the court issued an Order directing Plaintiff to cure the pleading deficiencies by filing an amended complaint on or before May

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate. (Doc. No. 7.)

18, 2026. (Doc. No. 14.) The court specifically cautioned Plaintiff that failure "to timely file an amended complaint in compliance with the requirements of [the] Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with court's orders. Such dismissal may be with or without prejudice." (*Id.* at 3.) Despite the court's warning, Plaintiff did not file an amended complaint by the deadline. To date, Plaintiff has not filed an amended complaint.[2]

Because Plaintiff has failed to comply with the court's Orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds that sanctions lesser than dismissal would

---

[2] The docket shows the May 4 Order was returned to the court with the notation "return to sender [-] unclaimed [-] unable to forward." (Doc. No. 15.) Plaintiff was previously warned that failure to timely file written notice of change of mailing address may result in dismissal of this case for failure to prosecute and failure to comply with court orders. (Doc. No. 10 at 4.)

not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **June 17, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of June, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE